Filed 9/20/22  In re A.P. CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re A.P., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>A.P.,<br><br>        Defendant and Appellant. | E078730<br><br>(Super.Ct.No. J278300)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Charles J. Umeda, Judge.  Affirmed.

Bruce L. Kotler, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Minor A.P. appeals his grant of probation after being released from the Division of Juvenile Justice Facilities. His attorney has filed a brief under the authority of *People v. Wende* and *Anders v. California*[1] informing this court they were unable to identify any errors and asking us to perform an independent review of the record. Based on our independent review of the record, we find no error and affirm.

I.

FACTS

A.P. was first declared a ward of the court in 2018 after admitting to attempted robbery and possession of a firearm by a minor. (Penal Code, §§ 664/211, 29610.) The court placed him on probation for these offenses. In 2019, A.P. admitted to residential burglary. (Penal Code, § 459.) The court continued A.P. on probation but with additional terms.

On June 5, 2020, A.P. admitted to assault. (Penal Code, § 245, subd. (a)(4).) On June 19, 2020, the court committed A.P. to the Division of Juvenile Justice Facilities.

Nearly two years later, on March 9, 2022, the court released A.P. from the Division of Juvenile Justice Facilities and placed him on probation. The court imposed the same terms and conditions of probation as it did the last time it placed A.P. on probation, with two additional terms. One of these additional terms required A.P. to submit to continuous electronic GPS monitoring as directed by the probation officer. A.P. objected to this term, arguing it was vague, overbroad, and otherwise in violation of

---

[1] *People v. Wende* (1979) 25 Cal.3d 436; *Anders v. California* (1967) 386 U.S. 738.

2

the holding in *People v. Lent* (presumably *People v. Lent* (1975) 15 Cal.3d 481). The court modified the term to require probation to consider whether to terminate the GPS monitoring every 14 days if it decided to require such monitoring.

On March 22, 2022, A.P. filed a notice of appeal from the court's March 9, 2022, orders.

## II.

## DISCUSSION

We appointed counsel to represent A.P. on appeal, and counsel has filed a brief under the authority of *People v. Wende* and *Anders v. California*, setting forth a statement of the case, a summary of the facts and potential arguable issues, and asking us to conduct an independent review of the record.

Counsel's brief raised one potential issue for our consideration: whether the court erred in imposing the GPS monitoring term. We offered A.P. an opportunity to file a personal supplemental brief, and he has not done so.

We have independently reviewed the record for potential error as required by *People v. Kelly* (2006) 40 Cal.4th 106 and find no arguable error that would result in a disposition more favorable to A.P.

## III.

## DISPOSITION

We affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____

J.

We concur:

CODRINGTON _____

Acting P. J.

FIELDS _____

J.